# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONALD BERNARD, SR.,** | Civil Action No. 18-15996 (JMV) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

This matter comes before the Court on Petitioner Donald Bernard's motions for leave to amend and supplement his motion to vacate sentence and for a stay of this matter. (ECF Nos. 19-20). By way of background, Petitioner filed his motion to vacate sentence in this matter on or about November 9, 2018. (ECF No. 1). On November 26, 2018, Judge Linares, who was then assigned to this matter, directed the Government to file a response to the motion. (ECF No. 2). Following an extension, the Government filed its answer in this matter on February 18, 2019. (ECF No. 12). Because Petitioner did not initially receive a copy of the answer, Judge Linares directed that the answer be sent to him and granted him sixty days to file a reply on April 24, 2019. (ECF No. 15).

On June 10, 2019, in lieu of his reply, Petitioner filed a motion to amend or supplement his motion to vacate sentence. (ECF No. 19). In his motion, Petitioner alleges that he, apparently for the first time, received a copy of the information to which he pled guilty in one of his underlying criminal cases, (*see* Docket No. 16-004 at ECF No. 1; *cf.* ECF No. 19 at 24-26), through discovery in an unrelated tax case in New Jersey. (ECF no. 19 at 3). Petitioner therefore wishes to amend his previous motion to vacate sentence to add several claims based on counsel's alleged failure to show him the information to which he pled guilty. (*Id.* at 4-5). Specifically, Petitioner wishes to

add the following claims – that counsel was ineffective for failing to review the information with Petitioner, that his guilty plea should be overturned as unknowing and involuntary because the information was not reviewed with him, and that counsel was ineffective for failing to object to certain unspecified aggravating factors that enhanced his sentence allegedly "based upon a civil standard." (*Id.* at 4-5). Although Petitioner never previously raised any of these claims, he asserts that they are not "new" and should relate back to his prior claims because he previously raised a cumulative ineffective assistance of counsel claim in his original motion. As briefed in his original motion, however, Petitioner's cumulative ineffective assistance claim merely raised all his other original claims cumulatively – none of which were premised on the facts Petitioner now attempts to raise.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), because a responsive filing was filed before Petitioner's amendment motion, and because the Government has not consented to the amendment, Petitioner may amend or supplement his petition in this matter if granted leave by the Court. Although leave to amend is often freely given where there has been no undue delay, bad faith, or dilatory action on the part of the party seeking to amend, a motion to amend should not be granted where the amendment would be futile. *See In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation*, 493 F.3d 393, 400 (3d Cir. 2007); *see also Russell v. Martinez*, 325 F. App'x 45, 46 (3d Cir. 2009) (permission to amend habeas petition "need not be granted where the amendment would be futile"). "'Futility means that the [proposed amendment] would fail to state a claim upon which relief could be granted." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment which would be barred by the applicable statute of limitations would therefore be futile unless it related back to the date of the

original pleading pursuant to Rule 15(c). *See United States v. Santarelli*, 929 F.3d 95 (3d Cir. 2019) (slip op at 6-10).[1]

In his motion, Petitioner essentially admits that, absent relation back, his new claims would be time barred. In any event, because motions to vacate sentence are subject to a one year limitations period, *see* 28 U.S.C. § 2255(f), which Petitioner admits began to run when he withdrew his appeal on November 17, 2017, Petitioner's one year limitations period had elapsed in November 2018, and his proposed supplemental/amended claims would clearly be time barred absent relation back.[2] As the Third Circuit has recently explained,

> Pursuant to Rule 15(c), an amendment that is otherwise untimely "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arouse out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has cautioned that courts should not interpret "conduct, transaction, or occurrence" in such a broad manner so as to construe essentially all amendments as permissible under the relation-back doctrine. *See Mayle v. Felix*, 545 U.S. 644, 656-57 [] (2005). For example, in the habeas context, the Supreme Court has refused to interpret "conduct, transaction, or occurrence" as broadly encompassing a "habeas petitioner's trial, conviction, or sentence," reasoning that "[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature challenge the constitutionality of a conviction or sentence, and common attack proceedings anterior thereto." *Id.* Instead, it has counseled that an amendment relates back to a habeas petition under Ruel 15(c) "[s]o long as the original and amended

---

[1] Although the formal citation for this case is currently available and the case is available on Westlaw, F.3d page numbers are not currently available via Westlaw. This Court thus refers to the page numbers of the slip opinion.

[2] As the document Petitioner claims he did not possess before May 2019, the information to which he pled guilty, was by his own admission in the possession of his attorney and was in any event freely available as part of the docket of his criminal matter, that Petitioner did not physically obtain a copy until May 2019 does not provide for a later start date of the limitations period. *See* 28 U.S.C. § 2255(f)(4) (permitting a later start date only where "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" on a date later than the date when the conviction became final).

3

> petitions state claims that are tied to a common core of operative facts." *Id.* at 664[.]

*Santarelli*, 929 F.3d 95 (slip op at 9-10). Fair notice is thus the touchstone for determining whether claims relate back, and a claim will not relate back where his original pleading did not give fair notice of the legal theory to be relied upon. *Id.* at 10. Thus, while an amendment which restates a prior claim in further detail related to the conduct, transaction or occurrence previously asserted will relate back, *id.*, a party may not raise a "completely new" claim of ineffective assistance of counsel in a late filed amendment merely because he previously raised a general ineffective assistance of counsel claim. *See, e.g., United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999).

Here, Petitioner attempts to render his new claims, one of which is not even a claim of ineffective assistance of counsel, timely through relation back merely because he previously raised the most general of all claims of ineffective assistance of counsel – a claim that counsel's cumulative actions discussed in the original motion combined amount to ineffective assistance even if those claims individually are insufficient. Although Petitioner believes he is merely providing more facts to support that claim, it is clear that his new claims are completely unrelated to those raised in his original petition. Petitioner himself can connect them only loosely to his cumulative ineffective assistance of counsel claim. That claim, however, was not so broad as Petitioner believes – in it he merely reasserted his originally enumerated claims cumulatively, none of which dealt with the issues Petitioner now seeks to address. As Petitioner's proposed supplemental/amended claims are not related to the claims of ineffective assistance previously raised, that they rely on the same type of claim – ineffective assistance of counsel – is not enough to permit them to relate back. *Id.* Petitioner's new claims are not based upon a common core of operative facts as his original claims, and relation back is therefore not warranted. As Petitioner's new claims do not relate back, and, as Petitioner has provided no other basis for this Court to find

them timely, and as this Court perceives no such basis from the motion, Petitioner's proposed amendment is time barred and in turn futile. Petitioner's motion to amend, (ECF No. 19), is therefore denied.

Because Petitioner's motion to amend shall be denied, his motion for a stay (ECF No. 20), which sought only a stay of this matter so that his motion to amend could be considered, is also denied as moot. Because Petitioner's request for a stay could be construed as a request to permit him to file a reply brief after the motion to amend is decided, however, this Court shall provide Petitioner with a final extension of time and permit him to file his reply within forty-five days of the date of this order.

For the foregoing reasons, and for good cause shown,

IT IS THEREFORE on this 5th day of August, 2019,

ORDERED that the Petitioner's motion to amend (ECF No. 19) is DENIED; and it is further

ORDERED that Petitioner's motion seeking a stay (ECF No. 20) is DENIED as moot; and it is further

ORDERED that Petitioner may file his reply in support of his motion to vacate sentence within forty-five (45) days of the date of this Order; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Respondent electronically and upon Petitioner by regular mail.

s/ John Michael Vazquez
Hon. John Michael Vazquez,
United States District Judge